COKE LLOYD V. THE STATE.

No. 3986. Decided March 15, 1916.

**Rudely Displaying Pistol—Public Place—Charge of Court—Theory of Defense.**

Where, upon trial of rudely displaying a pistol in a public place, etc., the evidence showed that the pistol was fired in the air in the back door of a store where defendant was trading for a pistol to see whether it would shoot, in a small town, and that there was nothing but woods in the rear of the store where the pistol was fired, and that the proprietors of said store in selling firearms frequently permitted their customers in trying out said firearms to shoot ·

out of the back door into the woods, and the court instructed the jury that to hold a pistol in the hand and fire the same in a public place as herein defined is to rudely display the same as contemplated by law, which was excepted to by appellant, and was reversible error, as this was a charge on the weight of the evidence; besides the court should have submitted the theory of defense raised by the evidence. Distinguishing Gozy v. State, 34 Texas Crim. Rep., 146.

Appeal from the County Court of Wise. Tried below before the Hon. J. W. Walker.

Appeal from ·a conviction of unlawfully and rudely displaying a pistol in a public place; penalty, a fine of one dollar.

The opinion states the case.

*R. E. Carswell* and *L. D. Ratliff,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Russell v. State, 38 Texas Crim. Rep., 590, and case cited in opinion.

HARPER, JUDGE.—Appellant was convicted under an indictment charging him with unlawfully and rudely displaying a pistol in a public place in a manner calculated to disturb the inhabitants of said public place.

Mr. Mann testified that about 9 o'clock at night he was in the store of Foster & Best, in the town of Greenwood, and that appellant came in with a pistol or part of a pistol in his hands, and he, appellant, and Foster ·walked to the rear door. He heard them talking, but did not understand what was said. That while they were at this door appellant fired the pistol out of the door several times, and said, "Foster, come and fix this thing,—where is your damned constable? If anyone turns me in I will put one in him." That witness, Clint Kingsly, appellant and Mr. Foster were the only persons in the store.

This is the State's case, and would perhaps sustain a verdict that appellant was guilty of the offense charged.

Mr. Foster, one of the proprietors of the store, testified that appellant had been trying to trade him the pistol for a shotgun, and that night appellant went to the store of J. P. Rudd to get the pistol and bring it over to trade to him. That the pistol was made to shoot steel cartridges and he wanted to see if it would shoot lead cartridges. That when appellant returned with the pistol they went behind the counter and got several kinds of cartridges and went to the back door of the store to try the pistol. That he and appellant both fired the pistol out of the back door. That his store was 120 feet long, and at the rear door there was nothing but woods, and the pistol was fired into the woods. That the firm of Foster & Best sold cartridges, pistols and other firearms, and people frequently tried them by shooting out of the back door into the woods. That the town was not an incorporated town.

J. P. Rudd testified that the pistol of appellant had been in his store some three months or more. That he had it to trade for a shotgun.

That on the night appellant shot it out of the back door appellant came and got the pistol, stating he had a chance to trade it off.

Clint Kingsly, the only other person in the store, says he heard appellant and Foster talking of trading the pistol for a gun; that he saw appellant and Foster go to the back and shoot the pistol out of the back door.

This is all the testimony. At the request of the State the court instructed the jury: "To hold a pistol in the hand and fire the same in a public place, as herein defined, is to rudely display the same, as contemplated by law." Appellant excepted to the giving of this special charge, insisting it was upon the weight to be given the testimony, and we think such exception well taken. The State relies on the case of Gozy v. State, 34 Texas Crim. Rep., 146, as sustaining the charge. Under the peculiar facts of that case the court does say that the shooting of the pistol in the air would justify a finding that it was rudely displayed. In that case Gozy had gone near a church, while services were in progress, and fired his pistol. It was a wilful and wanton act, without excuse or justification under the evidence in that case. It might be the State's witness makes this just such another case, but the defendant's witnesses certainly do not, and it is a question of fact to be determined by the jury whether or not his conduct amounted to rudely displaying the pistol in a manner calculated to disturb the inhabitants of the public place. The court in this charge takes this issue from the jury, and instructs them as a matter of law that his conduct amounted to rudely displaying a pistol. Had he submitted the issue to the jury and they had so found, we might sustain the verdict as we did in the Gozy case, supra, but it is a matter to be determined by the jury, under the evidence, in every case whether or not one is guilty of rudely displaying a pistol in a manner calculated to disturb the peace, and is not a question of law to be determined by the trial court. On account of this error it will be necessary to reverse the cause, and on another trial the court in his charge, if he gives a charge, should submit the defense's theory; that is, if the jury should find under the evidence it was customary to shoot firearms out of the back door of this store, in trying them out, as testified to by Mr. Foster, and appellant and Foster were on a trade involving the pistol, and they fired it for the purpose alone of determining whether or not it would shoot leaden cartridges, and appellant at the time he fired the pistol had no intention of disturbing the inhabitants of the public place, and they were not in fact disturbed, the appellant would not be guilty of the offense charged.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*